IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JETAIME FLORES,<br><br>Plaintiff,<br>v.<br><br>COOK COUNTY,<br><br><br>Defendant. | 23 CV 16260<br><br>**Jury Demand** |

AMENDED COMPLAINT

Now Comes JETAIME FLORES, by and through her attorney, JONATHAN LUBIN, and Complains of COOK COUNTY, stating:

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought pursuant to 42 U.S.C. § 2000e.

2. Plaintiff, for the relevant period, was an employee of Defendant, Cook County, in its Health and Hospital System, in the Northern District of Illinois.

3. Defendant is located in the Northern District of Illinois, and for the relevant period was Plaintiff's employer.

4. Jurisdiction is therefore proper under 28 U.S.C. § 1331 because the Complaint seeks damages and equitable relief under federal statutes.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the relevant events took place in the Northern District of Illinois.

**Facts Common to All Counts**

6. In the fall of 2021, Cook County Hospital System announced a policy of requiring its employees to vaccinate against COVID-19.

7. To that point, and throughout the COVID-19 pandemic, Plaintiff had been employed by Defendant and had taken various steps to mitigate her exposure to COVID-19, and to avoid exposing others in her care to COVID-19.

8. These precautions involve making PPE available, and requiring employees to use them, forbidding eating in the workplace, and other COVID-19 mitigation strategies. These strategies worked very well (or, at least, COVID-19 was largely prevented in Plaintiff's workplace despite them).

9. In the late summer and early fall of 2021, Defendant instituted a COVID-19 vaccine mandate. The mandate required each employee to be vaccinated against COVID-19 unless they received an exemption based on either religious or other bases.

10. The policy stated that each request for a religious exemption will be considered individually.

11. Plaintiff was an Outpatient Pharmacy Technician at Defendant, and had been employed by Defendant since 2016. She masked, socially distanced, and took safety precautions to prevent becoming infected, or passing any infections to others.

12. Due to her deeply held religious beliefs, Plaintiff refused to be vaccinated against COVID-19. Specifically, Plaintiff stated that as a Christian, she could not take any of the COVID-19 vaccines in that all of them were developed or tested using aborted fetus cell lines. She also stated that she had conferred with the Lord through prayer and believed that she should respect the body that G-d had given her.

13. On September 16, 2021, Defendant send a letter to Plaintiff stating that they would be unable to accommodate her because she had previously taken the flu vaccine.

14. Then on September 24, 2021, Defendant changed courses and claimed that it would grant an accommodation which was, in effect, an accommodation in name only. Defendant offered the "accommodation" that Plaintiff could find a job that was entirely telecommuting and apply for that position. Once she did so, she would be placed in a pool with every other applicant, including those that were not seeking an accommodation.

15. Until she was able to find such a position, she would be placed on unpaid status, and would be terminated after 90 days. That is, Plaintiff was not permitted to work and would make no money. This was the accommodation.

16. In reality, there were no such telecommuting positions.

17. In the meantime, Defendant offered an accommodation to an employee who did not vaccinate, and who had sought an accommodation based on non-religious factors.

18. This is discrimination on the basis of religion.

19. Plaintiff eventually learned that she had been terminated.

20. Prior to her termination, she had been performing the requirements of her employment professionally and satisfactorily.

21. Other than her refusal to violate her sincerely held religious beliefs, she was not in violation of any reasonable rule or requirement of Defendant.

**Count I – 42 U.S.C. § 2000e**

22. On September 14, 2023, Plaintiff received a Right to Sue letter from the EEOC, which is attached hereto.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order finding Defendant liable to Plaintiff for a violation of her civil rights pursuant to 42 U.S.C. § 2000e, and requiring Defendant to reinstate Plaintiff, and pay her back wages, forward wages, punitive damages, costs and reasonable attorneys' fees.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff demands trial by jury**