UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JETAIME FLORES,<br>　　　　Plaintiff<br><br>　　v.<br><br>COOK COUNTY,<br>　　　　Defendant | No. 23 CV 16260<br><br>Judge Jeremy C. Daniel |

### ORDER

For the reasons stated in this order, defendant Cook County's motion to dismiss [15] is granted. The plaintiff may file an amended complaint on or before August 2, 2024.

### STATEMENT

Plaintiff Jetaime Flores worked as an Outpatient Pharmacy Technician at John H. Stroger Jr. Hospital, a division of Cook County Health and Hospitals System, from 2016 to 2021. (R. 9 ¶¶ 2, 3, 11.) In the late summer and early fall of 2021, Cook County instituted a COVID-19 vaccine mandate requiring all employees to be vaccinated unless they applied for and received an exemption. (*Id.* ¶ 9.) The policy permitted religious exemptions but stated that each request would "be considered individually." (*Id.* ¶ 10.)[1] Flores alleges that she applied for and was wrongfully denied a religious exemption. (*Id.* ¶ 13.) She claims that she is Christian and is opposed to being vaccinated because the vaccines were "developed or tested using aborted fetus cell lines." (*Id.* ¶12.) She also stated that "she had conferred with the Lord through prayer" and believed that she should "respect the body that G-d had given her." (*Id.*) After being denied the exemption, Flores refused to get a vaccine, and was eventually terminated. (*Id.* ¶¶ 13–19.)

Flores filed suit alleging religious discrimination under Title VII of the Civil Rights Act of 1964. She timely exhausted her claim by filing a charge with the Equal Employment Opportunity Commission and receiving a notice of right to sue. (R. 9-1.) Cook County now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Flores has not adequately alleged that her religious beliefs were infringed, or that Cook County failed to accommodate her. (R. 15.)

---

[1] The complaint does not otherwise specify the criteria that Cook County applied in choosing to grant or deny exemptions.

A motion to dismiss tests the sufficiency of a claim, not the merits of a case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). However, the Court need not accept legal conclusions or conclusory allegations unsupported by facts. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)) Dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To state a religious discrimination claim under Title VII, an employee must allege: (1) a religious observance or practice that conflicts with an employment requirement; (2) that the employee called the religious observance or practice to [the] employer's attention; and (3) that the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment. *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013). Here, only the first element is at issue. A belief is "religious" for Title VII purposes if it is (1) "sincere and meaningful" and (2) "occupies a place in the life of its possessor parallel to that filled by . . . God." *Id.* at 451 (quoting *United States v. Seeger*, 380 U.S. 163, 165–66 (1965)). Such beliefs "deal[ ] with issues of ultimate concern," like "matters of the afterlife, spirituality, or the soul, among other possibilities." *Id.* at 448. The Court may not inquire into the truth or validity of such beliefs, nor does it matter whether the belief is part of a mainstream religion or an idiosyncratic one. *Id.* at 451.

In the context of vaccine mandates, federal courts typically require the plaintiff to allege a connection between their opposition to the vaccine and a specific religious belief or practice. For example, in *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487 (3d Cir. 2017), the Third Circuit considered whether an employee challenging an influenza vaccine mandate stated a claim for religious discrimination under Title VII. The Court affirmed dismissal of the plaintiff's claim, noting that the professed beliefs that "one should not harm their own body and . . . that the flu vaccine may do more harm than good" did not "address fundamental and ultimate questions having to do with deep and imponderable matters" and were not "comprehensive in nature." *Id.* at 491–92. Rather, the Court characterized the plaintiff's concerns as "medical beliefs," *i.e.*, "simply worries about the health effects of the flu vaccine" and "a disbelief of the scientific view that the virus was harmless." *Id.* at 492.

2

The EEOC has endorsed *Fallon*'s distinction between religious and nonreligious beliefs in the context of COVID-19 vaccination mandates. *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. EEOC, https://perma.cc/2YCP-N26B (archived July 1, 2024);[2] *see also Cherryl Guthrie-Wilson v. Cook Cnty.*, No. 23 C 362, 2023 WL 8372043, at *3 (N.D. Ill. Dec. 4, 2023) (relying on EEOC guidance). According to the EEOC, "objections to a COVID-19 vaccination requirement that are purely based on . . . nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs." *Id.* However, a belief that "overlap[s]" with a political view is still protected by Title VII, so long as the view "is part of a comprehensive religious belief system and is not simply an isolated teaching." *Id.* (quoting *Fallon*, 877 F.3d at 491).

Following *Fallon* and the EEOC's guidance, courts in this Circuit routinely dismiss religious discrimination claims arising from COVID-19 vaccine mandates where the plaintiff fails to adequately explain the connection between their opposition to the vaccine and a specific religious belief or practice. *See Nelson-Godfrey v. Cook Cnty.*, __ F.Supp.3d __, No. 23 C 16893, 2024 WL 2722668, at *2 (N.D. Ill. May 28, 2024) (dismissing Title VII claim where plaintiff alleged that she could not receive a vaccine because her body was a "temple of God" that she must protect against "unclean" substances); *Hassett v. United Airlines, Inc.*, No. 23 C 14592, 2024 WL 1556300, at *3 (N.D. Ill. Apr. 10, 2024) (granting motion to dismiss where plaintiff "summarily alleged that he holds 'Christian' beliefs 'against getting the COVID-19 vaccine'" but did not set forth "any facts explaining how his beliefs conflict with vaccination"); *Guthrie-Wilson*, 2023 WL 8372043, at *2 (N.D. Ill. Dec. 4, 2023) (dismissing complaint where plaintiff "identifie[d] no specific religious tenet that conflicts with COVID-19 vaccination"); *see also Passarella v. Aspirus, Inc.*, No. 22 C 287, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023) (dismissing Title VII claim where plaintiff "claim[ed] a right to refuse the vaccine 'as a Christian. . . .'"); *Bube v. Aspirus Hosp., Inc.*, No. 22 C 745, 2023 WL 6037655, at *4 (W.D. Wis. Sept. 15, 2023) (dismissing Title VII claim where the allegations "did not tie [] general statements," such as that receiving the vaccine would "be inconsistent with God's wishes," to "any [ ] particular religious belief or practice"); *Jackson v. Methodist Health Servs. Corp.*, No. 22 C 1307, 2023 WL 2486599, at *4 (C.D. Ill. Feb. 10, 2023) (dismissing complaint where plaintiff did not "identify any religious tenets that are offended by" mandated COVID-19 testing); *Egelkrout v. Aspirus, Inc.*, No. 22 C 118, 2022 WL 2833961, at *3 (W.D. Wis. July 20, 2022) (dismissing Title VII claim where the plaintiff merely alleged that she was "Catholic" but did not explain how her Catholic beliefs conflicted with COVID-19 testing requirements).

By contrast, in religious discrimination cases that have survived the pleading stage, plaintiffs have either described the tenets of their religious beliefs or attached

---

[2] Documents promulgated by federal administrative agencies are subject to judicial notice, *Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000), and therefore may be considered on a motion to dismiss. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

3

documentary material to their complaint to substantiate them. *See, e.g.*, *Muhammad v. Chi. Transit Auth.*, No. 23 C 2122, 2024 WL 231436, at *2 (N.D. Ill. Jan. 22, 2024) (plaintiffs stated a claim for religious discrimination under Title VII due to COVID-19 vaccine mandate where the complaint included an affidavit from clergyperson explaining that receiving the vaccine was incompatible with the plaintiffs' religious beliefs); *Snyder v. Chi. Transit Auth.*, No. 22 C 6086, 2023 WL 7298943, at *1 (N.D. Ill. Nov. 6, 2023) (same); *cf. McCormick v. Chi. Transit Auth.*, No. 23 C 1998, 2023 WL 5608000, at *1 (N.D. Ill. Aug. 30, 2023) (declining to dismiss Illinois Religious Freedom Restoration Act claim where plaintiff attached a three-page notarized affidavit explaining how Catholic doctrines compelled his opposition to COVID-19 vaccines); *Carrero v. City of Chi.*, No. 23 C 650, 2024 WL 22099, at *2 (N.D. Ill. Jan. 2, 2024) (allowing Free Exercise Clause and Illinois Religious Freedom Restoration Act claims to proceed based on allegations that the vaccine violated one of the Ten Commandments).

In view of the foregoing, it is apparent that Flores' complaint suffers from a pleading defect. Although Flores states that she objects to the vaccine as a Christian, she does not describe any tenet of Christianity that conflicts with receiving the COVID-19 vaccine or the purported use of aborted fetal cells in its testing and development. Put another way, the complaint does not contain sufficient factual detail for the Court to determine whether the plaintiff is objecting to the vaccine in a secular capacity—because she believes that the alleged use of aborted fetal cells is unclean, unhealthy or unethical, for example—or in a religious capacity—because the use of fetal cells violates part of a "comprehensive religious belief system." *Fallon*, 877 F.3d at 491. What is missing is an allegation about a tenet of Christianity that the plaintiff believes in and an explanation of how Cook County's vaccine mandate and the denial of a religious exemption purportedly violated it.

The cases that Flores cites—*U.S. Navy Seals 1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022) and *Keene v. City & County of San Francisco*, No. 22-16567, 2023 WL 3451687 (9th Cir. May 15, 2023)—do not alter this analysis. In each case, the plaintiffs identified specific religious beliefs and explained how the vaccine conflicted with them. In *U.S. Navy Seals*, for example, the plaintiffs specified which Christian denominations they belonged to and "thoughtfully articulated their sincere religious objections to taking the vaccine" by describing how "forcing them to inject an unremovable substance [was] at odds with their most profound convictions." 27 F.4th at 342, 350. In *Keeler*, an unreported, nonprecedential decision, the plaintiffs alleged that they were Christians who "believed in the sanctity of life" and that they could not receive a vaccine "derived from murdered children" without violating this belief. 2023 WL 3451687, at *2. Here, the plaintiff does not identify a tenet of her belief system that is comparable to "the sanctity of life," or explain how Cook County's vaccine mandate violates that belief.

4

In concluding that the plaintiff has failed to state a claim, the Court assumes the truth of her allegations and the sincerity of her beliefs. Again, the issue is not whether what she professes to believe is true or rational, but whether she has included sufficient factual information for the Court to determine what those beliefs are and how receiving the vaccine conflicts with them. She has not. The complaint's boilerplate references to Christianity and prayer are insufficient to connect her opposition to the vaccine to a tenet of a comprehensive belief system. *See Hassett*, 2024 WL 1556300, at *3 ("[T]here is no self-evident connection between Christianity and [opposition to a COVID-19 vaccination policy]"). For some readers, the connection between Christianity and an opposition to the use of aborted fetal cells may appear to be self-explanatory. However, it would be a mistake to bridge the gap in the plaintiff's allegations by presuming that all Christians share certain beliefs. *Sch. Dist. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 283 n.58 (1963) (citation omitted). ("There are many sects of Christians, and their differences grow out of their differing constructions of various parts of the Scriptures . . ."). While the Court is bound to draw inferences in the plaintiff's favor, it cannot introduce facts that do not appear in the complaint. *McCauley*, 671 F.3d at 616. The plaintiff must plead enough details from which this Court can infer how the vaccine conflicts with a particular religious belief that she holds. Because further elaboration may cure this defect, her Title VII claim is dismissed with leave to amend. The Court does not reach Cook County's arguments concerning undue hardship. (*See* R. 15 at 7–10.)

Date: July 11, 2024

JEREMY C. DANIEL
United States District Judge